IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Orlando Ira Brown, | ) C/A No.: 3:12-221-MBS-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| State of South Carolina; | ) **RECOMMENDATION** |
| City of Columbia, S.C.; | ) |
| Richland County; | ) |
| Richland County Sheriffs; | ) |
| F.B.I., | ) |
| Defendants. | ) |

The plaintiff, Orlando Ira Brown, ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff has paid the full filing fee. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for lack of jurisdiction.

## BACKGROUND

Plaintiff has filed this matter against the State of South Carolina, the County of Richland, the City of Columbia, the Federal Bureau of Investigation ("FBI"), and the Richland County Sheriff's Department ("RCSD"). The Complaint, or portions thereof, could be characterized by what some courts have described as "buzzwords" or "gibberish." See Coghlan v. Starkey, 852 F.2d 806, 812-16 (5th Cir. 1988) (collecting cases); Peebles v. Nat'l Collegiate Athletic Ass'n, 723 F. Supp. 1155 (D.S.C. 1989).

As it concerns the portions of the Complaint which are discernable, Plaintiff alleges that on or shortly after November 28, 2011 he was advised by RCSD Investigator



Tanner—who is not a defendant in this action—that Plaintiff must take a polygraph test before any the RCSD would take any further action because Plaintiff's story was "concocted." Plaintiff alleges however, that he is unable to take a polygraph test because he is disabled. Plaintiff maintains the State of South Carolina, the City of Columbia, the County of Richland, and the RCSD are "liable for oversight of ethical procedures." (Compl., ECF No. 1 at 3.)

Plaintiff also alleges another RCSD Investigator called him one month later. Plaintiff claims this is harassment due, in part, to Plaintiff's history with "officials of policing authorities discounting [his] word." (Id. at 4.) As a result, Plaintiff alleges he contacted the Columbia, South Carolina division of the FBI and:

> [E]xplained dealings with corrupt officials, phone calls and federal suits filed in forma pauperis three years ago, and ensuing of liabilities that stem, for purpose of gaining their assistance to secure residential, banking and commerce access without further interrupts of the course of civil procedure I commenced in 2008 with a forma pauperis filed to complaint against President Barrack Obama. I was excluded from the F.B.I.'s resource ability to accomodate procedure to identify phone interrupts. Advice given was unused.

(Id.) In his prayer for relief Plaintiff requests:

> [T]he Americans with Disabilities stated statute amount for pain and suffering due to mental distress. I request twenty four hour security for myself and family, forward for all my descendants and future generations, to be paid for by me through private contract, from unspecified funds ordered through this district of federal court, to be accessible by me for unlimited amount of necessary, to achieve privately contracted security of interests.

(Id. at 5.)

Plaintiff attaches to his Complaint random exhibits, some of which contain sensitive information: a physician's discharge summary, a copy of a prescription, two incident

PJG

reports from two different states, correspondence from the Social Security Administration, and a copy of the Plaintiff's drivers licence and social security card.

Plaintiff has also filed an Amended Complaint which refers to, *inter alia*, several banks that have "excluded [him] from privileges"; the President of the United States; CNN news reports; the California Supreme Court; an apartment complex that evicted him in 2008; a Sheriff's Department in California; the California Prison System; attorneys whom he retained in various places; several car rental establishments and/or car dealerships; problems with family; problems with the City of Columbia police; and employment problems with the United States Postal Service from an unspecified time period. (See Am. Compl., ECF No. 5.)

Since the filing of his Complaint and Amended Complaint, Plaintiff has filed nine letters and seven motions with the court. The first motion states in full that it is a "[m]otion for plaintiff as judgement here for relief sought." (ECF No. 7.) Plaintiff filed a "[m]otion to file [a] bank account number" which lists routing and account numbers for an account at a bank and provides a toll-free telephone number to call. (ECF No. 11.) Plaintiff also filed a motion to further amend his Complaint that appears to seek to add a claim regarding his exclusion from certain banking privileges. (ECF No. 13.) Plaintiff indicates that four banks reported information of an adverse nature to "Early Warning Systems." He alleges he complained to the police in two separate reports, but states that no action was taken by the police. He maintains that this was a violation of his civil rights as an "American with a Disability, especially since I filed [a] complaint against President Obama, so that the President could lend opposite the effects I've experienced of the devil[']s use of the President's voice of authority." (Id. at 1-2.) The remaining portion of this motion is

gibberish. Another motion filed by the Plaintiff states in full: "It is hereby ordered that all civil and criminal charges of personal liability be erased from record beginning after November 4, 1999 to the present date." (ECF No. 18.) Plaintiff also filed a motion to proceed *in forma pauperis*, (ECF No. 20), at the direction of the court after Plaintiff's check for the filing fee was returned. The full filing fee has now been paid. Additionally, the Plaintiff filed a motion for injunction which states: "[t]his is hereby injunction for my spouse, mother, and I to carry a loaded and concealed weapon on our person." (ECF No. 22.) The most recent motion filed by the Plaintiff is one "for recognition of marital rights" which states: "It is hereby ordered that this court vow that Sylvia Anita Walker, having had monogamous intimacy with Orlando Ira Brown since April of 2007, are recognized as 1, a married couple, and that this of testimony is in itself acceptable legal document for purposes of name change and marital rights." (ECF No. 34.)

In an Order entered on February 17, 2012, Plaintiff was directed to provide to the court certain items needed to render his case into proper form. Plaintiff has not fully complied with the court's Order.

Although unclear, it appears that the crux of Plaintiff's Complaint concerns several banks that allegedly reported adverse information about the Plaintiff to another entity. Plaintiff reported this to the police, believing his civil rights had been violated due to his disabilities. Thus, although this case appears to arise under 42 U.S.C. § 1983, Plaintiff

also ostensibly raises claims under the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act.[1]

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed in this case. This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

---

[1] Title II of the ADA and Section 504 of the Rehabilitation Act provide for identical causes of action. Spencer v. Earley, 278 F. App'x 254 (4th Cir. 2008); Halpern v. Wake Forest Univ. Health Servs., No. 10-2162, — F.3d —, 2012 WL 627788, *5 (4th Cir. Feb. 28, 2012) (finding that "[t]he two statutes differ only with respect to the third element, causation" and that the plaintiff must establish that he was excluded "solely by reason of" a disability under the Rehabilitation Act or "a motivating cause" under the ADA).

PJG

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In order for this court to hear and decide a case, the court must first have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, Am. Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question, 28 U.S.C. § 1331, and (2) diversity of citizenship, 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident. First, there is no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a),

*PJG*

requires *complete* diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
>
> > (1) *citizens of different States* [.]

28 U.S.C. § 1332 (emphasis added).

Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 (1978). In this instance, all of the defendants except the FBI are entities which exist, for purposes of "citizenship," in the State of South Carolina. Therefore, diversity jurisdiction is lacking.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. To establish federal question jurisdiction, Plaintiff bears the burden of demonstrating that a substantial question of federal law is raised by his Complaint. A mere allegation that a federal statute has been violated is not sufficient. Scott v. Wells Fargo Home Mortg. Inc., 326 F.Supp.2d 709 (E.D.Va. 2003). Thus, federal jurisdiction is not evoked by merely citing a federal statute, Republic Fin. v. Cauthen, 343 F. Supp.2d 529 (N.D. Miss. 2004), and a bare allegation that a cause of action arises under the Constitution is not enough. Shape v. Barnes Cnty., N.D., 396 F.Supp.2d 1067 (D.N.D. 2005); see also Cobb v. Contract Transp., Inc., 452 F.3d 543 (6th Cir. 2006).



For this reason, a court can dismiss suit for want of jurisdiction if the alleged claim under the Constitution or federal statute is clearly immaterial and made solely for the purpose of obtaining jurisdiction or where the alleged claim is wholly insubstantial and frivolous. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." Lyon v. Centimark Corp., 805 F.Supp. 333, 334-35 (E.D.N.C. 1992); see Louisville & Nashville R.R. v. Mottley, 211 U.S. 149 (1908); cf. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); Bonner v. Circuit Ct. of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975) (federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review.").

Although pleadings are to be construed liberally, where a right or immunity created by the Constitution or laws of the United States is an essential element of the cause of action, it is incumbent upon the plaintiff to adequately and properly allege jurisdictional facts according to the nature of the case. Montgomery v. Mississippi, 498 F.Supp.2d 892 (S.D. Miss. 2007); Fed. R. Civ. P. 8(a). The general rule governing pleading federal jurisdiction requires more that a simple allegation that jurisdiction exists or citation of a federal statute; rather, it is required that the complaint clearly set out the basic facts necessary to support the conclusion that there is federal jurisdiction. Lopes v. Vieira, 488 F.Supp.2d 1000 (E.D. Cal. 2007). In short, theories of liability which are so meritless that they fail even to make out claims arising under federal law must be dismissed by federal



court for want of jurisdiction.  Goros v. Cnty. of Cook, 489 F.3d 857 (7th Cir. 2007).  The allegations in the body of the above-captioned Complaint do not contain sufficient information to support a violation of any federal statute or constitutional provision by the defendants.

This is true even though Plaintiff mentions the ADA in his prayer for relief.  In order to establish a *prima facie* case under Title II of the ADA, Plaintiff must show:  (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.  See Spencer v. Easter, No. 02-7722, 109 F. App'x 571, 2004 WL 2093971 (4th Cir. Sept. 21, 2004) citing Race v. Toledo-Davila, 291 F.3d 857, 858 n.* (1st Cir. 2002); Baird v. Rose, 192 F.3d 462, 467 (4th Cir. 1999).

Plaintiff's allegations fail to do so.  As an initial matter, a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person.  See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).  Even so, as Plaintiff admits in his Complaint, the RCSD believed Plaintiff's story was "concocted."  Thus, it appears that Plaintiff was not treated differently because he was disabled as he alleges, but rather treated differently, if at all, because his allegations to the police were not credible.  Thus, on the face of the Complaint, the ADA does not provide jurisdiction.

To the extent Plaintiff has made a claim against several banks for "adverse information" allegedly reported about him to other banks or entities, he still fails to state a federal claim.  For one, he has not named any bank as a defendant.  Even if he had done so, no federal claim is apparent based on these allegations.



In short, the claims brought by Plaintiff fail to explain in even the broadest terms how the named defendants violated Plaintiff's Constitutional rights or the ADA. No federal basis of jurisdiction is apparent; accordingly, Plaintiff's claims cannot be addressed in this forum.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned matter be dismissed without prejudice and without issuance and service of process because this court lacks subject matter jurisdiction over it. It is further recommended that all pending motions be terminated as moot. (ECF Nos. 7, 11, 13, 18, 20, 22, & 34.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 14, 2012
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).